Margolis *v.* Margolis.

MORTON MARGOLIS *vs.* DIANE MARGOLIS.

Suffolk.    December 3, 1958. — January 19, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Name. Equity Jurisdiction,* Name of child. *Parent and Child. Minor. Equity Pleading and Practice,* Amendment, Requests and rulings.

Failure of a judge to act upon requests for rulings presented at a hearing on motions in a suit in equity must be treated as a denial of the requests. [417]

The trial court may allow an amendment of a bill in equity after entry of an order for a final decree and prior to entry of the decree. [418]

Where it was found, in a suit in equity by the father of minor daughters against their mother, his divorced wife, who had caused the daughters to be registered in schools under her maiden surname, that the use of such surname was not in the best interests of the daughters, the plaintiff was entitled to relief sought by him enjoining the registration of the daughters in the schools under such surname, requiring that they be registered under the plaintiff's surname, and enjoining the mother from causing the daughters to be known by or representing their surname to be any surname other than his. [418]

BILL IN EQUITY, filed in the Superior Court on September 27, 1957.

The suit was heard by *Warner,* J. The plaintiff appealed from the judge's denial of motions to amend the bill and the order for decree, from denial of requests for rulings, and from a final decree entered on March 18, 1958.

*Donald R. Anderson,* for the plaintiff.

No argument nor brief for the defendant.

WILKINS, C.J.   In this bill in equity the plaintiff alleged that the defendant, his divorced wife, has caused their three minor daughters to be registered in certain schools under the defendant's maiden name of Ruegg; and that the adoption of these false surnames is contrary to the best interests of the children, is contrary to the wishes of the plaintiff, and adversely affects his parental relationship.   The prayers are for a temporary injunction pending a hearing, for a permanent injunction restraining "such registration and practice," and for further relief.   The judge found that the allegations of the bill are true.   On November 25, 1957, an order was entered for a decree permanently restraining the registration of the daughters under the name of Ruegg in the three specified schools "unless and until the surname of 'Ruegg' be lawfully bestowed and changed thereto from the present lawful surname of 'Margolis.'"   *Mark* v. *Kahn,* 333 Mass. 517.

On February 6, 1958, the plaintiff moved to amend his bill by adding two new prayers for relief: a fourth, that the children be entered in the present schools under the name of Margolis, and a fifth, that the defendant be permanently enjoined from causing any of the children to be known by any other surname than Margolis or from so representing them.   The plaintiff also moved that the order of November 25, 1957, be amended to grant the relief asked in the motion to amend the bill.   After a hearing, at which the plaintiff presented certain requests for rulings, the judge on February 28, 1958, denied the motions without acting on the requests, which must be treated as denied.   *Kravetz* v. *Lipofsky,* 294 Mass. 80, 84.   *Bankoff* v. *Coleman Bros. Inc.* 302 Mass. 122, 123.   *Ryerson* v. *Fall River Philanthropic Burial Soc.* 315 Mass. 244, 246.

Without pausing to consider procedural questions which are raised on the record to date, it is apparent that on the judge's finding, that the adoption of false surnames is not in the best interests of the children, this litigation should be brought to an end.   The judge appears to have ruled in

denying a request that he had no power to allow an amendment to the bill. This was incorrect. *Day* v. *Mills*, 213 Mass. 585, 587. In any event, we have that power. G. L. (Ter. Ed.) c. 231, § 125. We do now allow the plaintiff's motion to amend by adding prayers 4 and 5.

The final decree is to be modified by also enjoining the defendant in accordance with prayers 4 and 5, and, as so modified, it is affirmed.

*So ordered.*