NORTHEASTERN MALDEN BARREL CO., INC. *vs.* MAURICE R. BINDER.

BINDER COOPERAGE CO., INC., applicant.

Suffolk. December 7, 1960. — February 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Trustee Process. Attachment. Evidence,* Presumptions and burden of proof, Documentary evidence. *Sale,* Parties.

Facts disclosed by documents, not public records, introduced in evidence as exhibits, whose authenticity was unquestioned, must be accepted as true. [713]

An attachment by trustee process, made in an action against an individual, of alleged credits of his "standing in the name of" a designated corporation must be discharged on an application by the corporation under G. L. c. 223, § 114, where it appeared that, some months after the defendant had sold to the corporation, recently formed, all the assets and good will of a business formerly carried on by him under a name similar to that of the corporation, sales of goods were made to the alleged trustee, for which the alleged trustee was indebted, by the corporation rather than the defendant and that the alleged trustee had no credits of the defendant. [714]

CONTRACT. Writ in trustee process in the Superior Court dated November 27, 1959.

An application by Binder Cooperage Co., Inc., for discharge of the attachment by trustee process was heard and denied by *R. Sullivan, J.* The applicant alleged exceptions.

*Mark M. Horblit,* (*Samuel H. Kalish* with him,) for Binder Cooperage Co., Inc.

WILKINS, C.J. These are exceptions of the applicant arising out of the denial of its application for the dissolution of an attachment. The writ was dated November 27, 1959, and was returnable in the Superior Court on the first Monday of February, 1960. It commanded the attachment of the "goods or estate of Maurice R. Binder also known as Morris R. Binder doing business as Binder Cooperage Co. and having an usual place of business in Philadelphia, Pennsylvania and standing in the name of Binder Cooperage Co., Inc., a foreign corporation duly organized by law and having an usual place of business in Philadelphia, Pennsylvania." The alleged trustee named in the writ is Socony Mobil Oil Company, Inc., described as "a foreign corporation duly organized by law and having an usual place of business in Boston, Suffolk County at Paulsboro, N. J." (*sic*). Service upon Socony on December 1, 1959, was made upon the commissioner of corporations and taxation. Except as hereinafter set forth, the defendant Binder has not been served, and has not appeared.

On December 30, 1959, Binder Cooperage Co., Inc., a Delaware corporation, having its place of business in Philadelphia, filed an application for discharge of the attachment. G. L. c. 223, § 114 (as amended through St. 1943, c. 234, § 2).[1] An order was issued to the plaintiff to "show cause, if any, why application should not be allowed." The case was entered on the return day. On February 8, 1960, Socony filed its answer as alleged trustee.

---

[1] "If an excessive or unreasonable attachment, by trustee process or otherwise, is made on mesne process, the defendant or person whose property has been attached may apply in writing, in any county, to a justice of the court to which such process is returnable, for a reduction of the amount of the attachment or for its discharge; and such justice shall order a notice to the plaintiff . . . which shall be returnable . . . as speedily as circumstances permit. If, upon a summary hearing of the parties, . . . it appears . . . that the amount of the attachment is excessive or unreasonable, the court shall reduce or dissolve the attachment . . . ."

The application contained allegations that the alleged trustee was, and still is, indebted to the applicant for goods sold to it by the applicant at Philadelphia and delivered to the alleged trustee at Paulsboro, New Jersey; that the defendant has at no time had or claimed any right, title, or interest in or to that indebtedness; and that the attachment is unreasonable and without ground in fact or law and constitutes an abuse of process.

The alleged trustee's answer contained the following: At the time of the service of the writ it had in its hands and possession no goods, effects or credits standing in the name of "Maurice R. Binder also known as Morris R. Binder doing business as Binder Cooperage Co.," but it held funds in the amount of $10,032 due and payable for nine items of merchandise sold and delivered between November 23 and 30, 1959, to its Paulsboro Refinery by "Binder Cooperage Company" of Philadelphia. It is informed that the sales and deliveries were made not by the defendant, but by Binder Cooperage Co., Inc., a Delaware corporation organized in 1959 and having its place of business in Philadelphia, to which in May, 1959, the defendant sold the business theretofore carried on by him together with the good will, and that the defendant did not thereafter engage in business.

At the hearing before a judge of the Superior Court the only witness was one Horwitz, who was called by the applicant. The plaintiff called no witnesses and offered no evidence. At the close of the hearing the applicant submitted requests for rulings. The judge made no findings and "without granting" any of the requests for rulings entered an order denying the application. The applicant excepted to that order and to the "failure and refusal to grant" the requests for rulings. *Margolis* v. *Margolis,* 338 Mass. 416, 417.

Horwitz was an officer of the Binder Cooperage Co., Inc. We shall not detail his uncontradicted oral testimony. The judge did not have to accept it as true. *Godfrey* v. *Caswell,* 321 Mass. 161, 162. *Barrett* v. *Brooks Hosp. Inc.* 338 Mass.

754, 756. Wigmore, Evidence (3d ed.) § 2034. We shall, however, summarize the contents of certain documents, which were marked as exhibits during his testimony. As their authenticity has not been attacked in the Superior Court or in this court, they must be accepted as true. *Gahn* v. *Leary,* 318 Mass. 425, 426–427, and cases cited. *Barrett* v. *Brooks Hosp. Inc., supra,* p. 757. The rule applies even though the documents were not public records. *Meteor Prod. Co. Inc.* v. *Société d'Electro-Chemie et d'Electro-Métallurgie,* 263 Mass. 543, 547–548.

Binder Cooperage Co., Inc., was incorporated under the laws of Delaware on March 25, 1959, for the purpose, among others, of carrying on a general cooperage business. By a bill of sale dated May 14, 1959, Binder, "trading as Binder Cooperage Company," of Philadelphia, sold to the applicant for $413,750 all the machinery, equipment, and chattels of the business, and the good will, including the "right to use the name 'Binder' in any combination of words in the cooperage or allied business." By another bill of sale dated May 14, 1959, Binder sold to the applicant for $110,000 "all and singular the complete inventory of raw material, goods in process, finished merchandise, goods and supplies, of every nature, character and description" of the business.

Also on May 14, 1959, Universal Cooperage Corporation and Binder entered into a written employment agreement, which recited that Universal "has simultaneously herewith purchased the assets and good will of Binder in the name of a subsidiary corporation organized by it, to wit, Binder Cooperage Co., Inc., and proposes to continue the operation of the business formerly operated by Binder through the said Binder Cooperage Co., Inc." Binder agreed to become the employee of Universal for a term of seven years, and promised that he would not, during the term of his employment and for a period of ten years thereafter, engage, either directly or indirectly, in the United States or any of its territories "in any business involving the manufacture or reconditioning of steel drums or barrels."

The bookkeeping records of the applicant show sales of reconditioned steel drums to the refinery at Paulsboro beginning May 15, 1959. The records admitted in evidence continue through December 4, 1959, cover fifteen pages, and show several hundred items, including the nine items aggregating $10,032 delivered between November 23, 1959, and November 30, 1959, as set forth in the alleged trustee's answer.

The judge suspended the hearing at one point to issue an order that a notice be served on Binder in Philadelphia directing him to "show cause, if any, why application should not be allowed." Binder was served and, without submitting himself to the jurisdiction, filed a statement of facts, dated February 26, 1960, concluding that he knew no reason why the application should not be allowed. We do not summarize its contents, as we shall not rely upon it.

The third request asked a ruling "That the applicant is entitled to an order discharging the attachment." It should have been granted. We have no way of knowing upon what ground the judge made his order, but all the material facts appear in the documents which have been taken as true. They show that the sales and deliveries in November, 1959, were made not by Binder but by the applicant, and that the alleged trustee had no goods, effects, or credits of Binder. The attachment was unreasonable.

The exceptions are sustained. The order denying the application is reversed. Instead a new order is to be entered granting the application.

*So ordered.*