184 A.2d 468 (1962)
Robert C. DEGERBERG, Plaintiff,
v.
Patricia K. McCORMICK and Willis J. McCormick, Defendants.
Court of Chancery of Delaware, New Castle.
September 11, 1962.
Richard J. Abrams, of Richards, Layton & Finger, Wilmington, for plaintiff.
David Snellenburg II, of Killoran & Van-Brunt, Wilmington, for defendants.
SHORT, Vice Chancellor.
Plaintiff, the natural father of Nilson E. Degerberg, a minor child of the age of seven years, seeks to enjoin defendant Patricia K. McCormick, the mother of said child and Willis J. McCormick, her present husband, from using, encouraging or permitting the use of any surname with respect to said minor other than that of the plaintiff.
The complaint alleges that said minor child was born of the marriage of the plaintiff and defendant Patricia K. McCormick; that plaintiff obtained a divorce from said defendant in the Court of Common Pleas, Montgomery County, Pennsylvania, in February, 1960; that the decree of the Pennsylvania court awarded custody of said minor child to the defendant Patricia K. McCormick; that said defendant has since intermarried with the defendant Willis J. McCormick; that defendants have encouraged the teachers of the school which the minor child attends to use the surname "McCormick" with respect to said child. The case is now before the court upon defendants' motion to dismiss.
The primary question posed by the motion to dismiss is the jurisdiction of this court to entertain an application to protect a right which is, admittedly, purely personal. It has been frequently stated by many authorities that the injunctive process of a court of equity is concerned only with property and the protection of rights therein. In fact, this court, as late as 1936 so stated. See Economy Cleaners, Inc. v. Green, 21 Del.Ch. 170, 184 A. 225. In the Green case the court was not, however, concerned with an attempt to protect a personal right. Similarly, in many cases in other states it has frequently been said that an injunction will only issue to protect property rights. But, it is quite apparent from many modern decisions that the stated principle is one in name only. Some courts have expressly rejected it, as in Massachusetts. Mark v. Kahn, 333 Mass. 517, 131 N.E.2d 758, 53 A.L.R.2d 908. Others have extended the concept of property to include many rights which are purely personal. Illustrative of the latter are those cases in which courts have utilized the injunctive process to restrain a resident from proceeding with a *469 divorce action in another state. Jurisdiction to enjoin such proceedings has been recognized in New Jersey and Pennsylvania, among others. The authorities on this subject are reviewed in an annotation in 175 A.L.R. 430. As therein pointed out, it is difficult, on principle, to find a plausible basis for any differentiation in treatment of property and personal rights.
With specific reference to the circumstances here posed it is clear that a majority of courts which have been called upon to award injunctive relief have concluded that it is within the jurisdiction of a court of equity to enjoin the adoption by the mother of a surname for her minor child other than that of the father. This is particularly so in cases where the child was of tender years. In Mark v. Kahn, supra, the Massachusetts court held this to be a proper subject of relief in appropriate circumstances. To the same effect, see Margolis v. Margolis, 338 Mass. 416, 155 N.E. 2d 177; Sobel v. Sobel, 46 N.J.Super. 284, 134 A.2d 598; Reed v. Reed, (Okl.) 338 P.2d 350; De Vorkin v. Foster, Sup., 66 N.Y.S.2d 54; In re Cohn, 181 Misc. 1021, 50 N.Y.S.2d 278; Kay v. Kay, Ohio Com. Pl., 112 N.E.2d 562; Annotation, 53 A.L.R. 2d 914. In Nitzberg v. Board of Education, 200 Misc. 748, 104 N.Y.S.2d 421, the court, upon application of the father, went so far as to restrain the Board of Education of the City of New York from enrolling a child under a surname other than that of the father.
At common law, of course, a person could adopt any name which he chose so long as the change of name was not for an improper purpose. In most states, as in Delaware, there now exist statutes which authorize a proceeding to judicially effect a change of name. Such statutes are universally held not to affect the common law right. They are regarded as merely providing a procedure to establish a court record of the change. But the common law rule was not without exception, and I have found no case recognizing that a parent could adopt for his or her child a name other than that which the child bore from birth.
In any event, it is clear from the trend of modern authority that the father, in circumstances like the present, is entitled to injunctive relief in proper circumstances. The ultimate question which the court must consider is the best interest of the child. As pointed out by the Massachusetts court in Mark v. Kahn, there are certain factors which the court must consider in determining what is in the child's best interest.
I am satisfied that in appropriate circumstances the injunctive process is available to a father to restrain a change by the mother of the child's surname. Whether or not the plaintiff here is entitled to injunctive relief can only be determined upon a final hearing bearing upon the best interest of the child.
The motion to dismiss is denied.