JOSEPH R. SPADEA *vs.* EARL STEWART.

Plymouth. January 7, 1966. — February 7, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Eminent Domain,* Right to damages, Contract for sale of land taken. *Contract,* For sale of real estate, Performance and breach. *Equity Jurisdiction,* One seeking equity must do equity. *Equity Pleading and Practice,* Decree, Conditional relief. *Frauds, Statute of.*

A dated paper signed by a landowner acknowledging receipt of a sum of money from a named person "Acc. Sale" of the land and reciting "Papers to pass when title registered. Bal. . . . when deed delivered

. . . cash . . . [a stated sum] — mtge. . . . [a stated sum] 1 year" was a sufficient memorandum under the statute of frauds.   [220]

In a suit in equity seeking in substance to preserve the plaintiff's rights under an agreement for sale to him by the defendant of land which was taken by eminent domain before consummation of the sale, a plea in bar grounded on impossibility of specific performance by reason of the taking was properly overruled although the bill was entitled as one for "specific performance."   [222]

Where real estate which was the subject of a sale and purchase agreement was taken by eminent domain before the sale was consummated, the prospective purchaser was entitled at his election to buy the compensation for the taking substituted in equity for the real estate, and, in a suit in equity against the prospective seller, was entitled to a decree declaring his right to become a party to the proceeding for assessment of damages for the taking but, under the principle that he who seeks equity must do equity, only on the condition that he pay or secure payment to the seller of the balance of the purchase price remaining after the purchaser's deposit; and, of the damages awarded for the taking, the seller would be entitled to such balance of the purchase price less any further payments made by the purchaser, and the purchaser would be entitled to the rest.   [222–223]

BILL IN EQUITY filed in the Superior Court on November 15, 1962.

A plea in bar was overruled by *Tomasello,* J.   The defendant appealed from a final decree entered after hearing of the suit on the merits by *Hudson,* J.

*George L. Wainwright* for the defendant.

*Timothy A. Mantalos* (*Ovide V. Fortier* with him) for the plaintiff.

WILKINS, C.J.   The defendant is the owner of real estate on Ash Street, Brockton, which was the subject of an agreement to sell to the plaintiff, a real estate promoter. Before papers were passed the city took the land by eminent domain.   This bill in equity seeks to preserve the plaintiff's rights under the agreement.

The bill of complaint was entitled "plaintiff's bill for specific performance."   Among the prayers was one for an injunction against the defendant's "interfering with the plaintiff's interest in said real estate as a party in interest" under G. L. c. 79, and another for "an assessment of damage suffered by the plaintiff by reason of the failure of the defendant to perform his said agreement and for the value of his interest in the property taken by the city."

The parties first entered into a written contract dated May 25, 1962, which was mutually rescinded when the plaintiff learned from the title examination that the defendant held a tax title, which would not be acceptable for a mortgage. Under this contract the purchase price was to have been $10,000, payable $5,000 on delivery of the deed and $5,000 in one year.

Subsequently, the defendant told the plaintiff he would convey to him a Land Court title, and the plaintiff paid him $500 to enable him to begin registration proceedings. The defendant signed a receipt reading, "July 30 1962. Received of Joseph Spadea Five Hundred & no/100 Dollars Acc. Sale Land rec. Ply. Co. Deeds Book 1837 Page 192-3. Papers to pass when title registered. Bal. 9500 when deed delivered in cash 4500 — mtge. 5000 1 year." The judge rightly ruled that this was a compliance with the Statute of Frauds. The contrary is not now contended.

On August 23, 1962, a petition was filed in the Land Court. On October 13, 1962, the city council commenced the necessary steps in furtherance of taking the property by eminent domain under G. L. c. 79. On October 26, 1962, the defendant wrote the plaintiff, "[T]he city has seized my land for a school. . . . I am therefore returning you a check in the amount of $500.00 which is the binder you gave me." On November 2, 1962, the plaintiff sent back the check and refused to release the defendant. On November 13, 1962, the city council voted to take the land. The present bill was filed on November 15, 1962. The actual recording of the taking in the Registry of Deeds was on November 28, 1962. The title had not then been registered.[1] A petition by the defendant for damages for the taking is now pending in the Superior Court.

The defendant filed a plea in bar setting up that the city council had voted to take the land by eminent domain, that the taking was duly recorded in the Registry of Deeds, and that "such taking renders specific performance impossible and relieves the respondent from liability for damages."

---

[1] No precise date of registration appears in the record. The defendant states in his brief that there never has been such a decree.

The plea in bar was overruled, and the defendant excepted.[1]

The trial judge rightly ruled that in equity compensation for the taking represents the land, citing *Cornell-Andrews Smelting Co.* v. *Boston & Providence R.R.* 209 Mass. 298, *Salvatore* v. *Fuscellaro,* 53 R. I. 271, and Restatement: Restitution, § 125. He also ruled that upon receipt of the damages the defendant will be liable to the plaintiff to the extent of the plaintiff's equitable interest and, therefore, that the plaintiff will be entitled to the sum to be paid by the city subject to the defendant's right to receive up to $9,500. This should be modified. See below.

A final decree was entered that the plaintiff is a party in interest and entitled to join in the petition for the assessment of damages. The defendant appealed. The judge made a report of the material facts found by him hereinbefore summarized. The evidence is reported.

The defendant contends that the contract has become impossible of performance because the land cannot be registered (the ground of his plea in bar), and because payment in part by mortgage can no longer be given. Acceptance of this contention would be a triumph of form over substance, and would also ignore G. L. c. 79, §§ 27[2] and 29. Section 27 provides that where several parties have estates in the same property and one party petitions the Superior Court for damages, the others may become parties to the petition. Section 29 provides for the apportionment of the damages among those entitled. The New York statute[3]

---

[1] The defendant filed no bill of exceptions.

[2] Section 27: "If there are several parties, who have several estates in the same property at the same time, other than the estates and interests for which provision is made in section twenty-four [for life estates and tenancies for years], and the property is taken in whole or in part or receives injury for which damages are recoverable under this chapter, and one of such parties petitions the superior court to ascertain his damages, the other parties may become parties to the proceedings under such petition, and the damages of all of them may be determined together, in the manner provided in the three following sections."

[3] N. Y. Real Property Law, § 240-a. The Uniform Vendor and Purchaser Risk Act. This statute was repealed by N. Y. General Obligations Law, § 19–101. It now appears in slightly altered form as N. Y. General Obligations Law, § 5–1311.

Spadea v. Stewart.

cited by the defendant differs substantially and cannot, of course, be given even persuasive effect.

The plea in bar was properly overruled. We do not accept the contention as to impossibility of performance. That the bill was originally described as for specific performance is not decisive. "[T]he character of a pleading or other paper filed in a cause is to be determined from its essential substance and not from its descriptive title or name." *Universal Adjustment Corp.* v. *Midland Bank, Ltd.* 281 Mass. 303, 328, and cases cited. *Beaman-Marvell Co.* v. *Marvell,* 305 Mass. 246, 247. *Commissioner of Ins.* v. *Broad St. Mut. Cas. Ins. Co.* 306 Mass. 362, 364–365.

The defendant's brief quotes from *Cornell-Andrews Smelting Co.* v. *Boston & Providence R.R., supra,* 209 Mass. 298, 307: "Where land of B on which A has an option of buying the fee is taken by the exercise of the paramount power of eminent domain, A can no longer at his election buy the land but he can at his election buy the fund into which in equity the land has been converted by the exercise of the power of eminent domain." From this the defendant argues that the plaintiff must elect, but refuses to elect, has never tendered, nor agreed to tender, the balance of the purchase price, and hence is without remedy under the bill.

The final decree declares that the plaintiff is a party in interest and is entitled to share the defendant's right to damages without further payment to the defendant. Here should be applied the equitable principle that he who seeks equity must do equity. *Snow* v. *Blount,* 182 Mass. 489, 491. *Davis & O'Connor Co.* v. *Shell Oil Co. Inc.* 311 Mass. 401, 405. *Tehan* v. *Security Natl. Bank,* 340 Mass. 176, 183. It is no answer for the plaintiff to argue that the defendant has refused a tender and, therefore, no further tender need be made. A plaintiff's equitable relief may be granted conditionally. *Jurewicz* v. *Jurewicz,* 317 Mass. 512, 517. *Kressler* v. *Flynn,* 323 Mass. 610, 612–613. *Nissenberg* v. *Felleman,* 339 Mass. 717, 724. *Tehan* v. *Security Natl. Bank, supra,* 183–184.

The final decree must be modified by requiring that the plaintiff either pay $9,500 to the defendant or give security for the payment of that sum as a condition of becoming a party. Except to the extent of the payments which will have been made by the plaintiff, the defendant will be entitled up to $9,500 of the damages awarded and the plaintiff to any excess. The defendant is to have costs under G. L. c. 261, § 25A (as amended through St. 1965, c. 410).

*So ordered.*