STELLA I. RAYNOR & another *vs.* THOMAS R. RUSSELL
& another.

Middlesex.    November 8, 1967. — December 5, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, SPIEGEL, &
REARDON, JJ.

*Equity Jurisdiction,* Specific performance, One seeking equity must do
equity.

The fact, that, after a police officer of a city had entered into a contract
to sell his home there, planning to move to property in a town more
than ten miles from the city, a certain statute was accepted by the
city in effect requiring its police officers to live within ten miles of it,
was not an adequate ground for denying specific performance of the
contract sought by the purchaser in a suit in equity. [367]

The principle that he who seeks equity must do equity required that the
buyer under a contract for sale of real estate seeking specific per-
formance pay a price which he concededly had orally agreed to pay
rather than a lower price set forth for certain reasons in a written con-
tract thereafter executed. [368]

BILL IN EQUITY filed in the Superior Court with a writ of
summons and attachment dated October 19, 1965.

The suit was heard by *Kalus,* J.

*J. Haller Ramsey* for the plaintiffs.

*Samuel M. Flaksman* for the defendants.

CUTTER, J.   Russell, a Cambridge police officer, and his
wife orally agreed to sell their Cambridge house to Mrs.
Raynor and her daughter.   The Raynors in fact paid de-
posits of $7,000 to the Russells, and received a receipt for
$1,000.   The written agreement, drawn thereafter accord-
ing to Russell's testimony, specified a price of $27,000 and
acknowledged a deposit of $1,000, with $26,000 more to be
paid on delivery of the deed.

The Raynors' bill in equity for specific performance al-
leged in effect that the actual price was to be $33,000 and
that there was to be no disclosure of $6,000 of the deposits.

The findings and the reported evidence do not reveal clearly what in fact was orally agreed.

The Russells planned to move to land bought by them in Lincoln, more than ten miles from Cambridge. Russell refused to give a deed when he learned that Cambridge had accepted G. L. c. 41, § 99A, inserted by St. 1965, c. 411, permitting a police officer to live outside, but within ten miles of, the city.

The final decree determined that the Russells owed the Raynors $7,586.86 (the deposits plus expenses and interest). So much of the bill as sought specific performance was dismissed. The Raynors appealed. The evidence is reported.

The meager record reveals no substantial or adequate equitable basis for discretionary denial of specific performance, which is usually granted with respect to contracts to convey land. See *Sanford* v. *Boston Edison Co.* 316 Mass. 631, 634; *Olszewski* v. *Sardynski*, 316 Mass. 715, 717; *Nassif* v. *Boston & Maine R.R.* 340 Mass. 557, 564–566; Restatement: Contracts, §§ 359, 360, 367; Corbin, Contracts, §§ 1136, 1137, 1143; Williston, Contracts (2d ed.) §§ 1419, 1425. See also *Rigs* v. *Sokol*, 318 Mass. 337, 342, 344; *Tucker* v. *Connors*, 342 Mass. 376, 381–383; *Gentile Bros. Corp.* v. *Rowena Homes, Inc.* 352 Mass. 584. Cf. *Banaghan* v. *Malaney*, 200 Mass. 46, 49; *Richardson Shoe Mach. Co.* v. *Essex Mach. Co.* 207 Mass. 219, 225; *McCormick* v. *Proprietors of the Cemetery of Mount Auburn*, 285 Mass. 548; *Lawless* v. *Melone*, 350 Mass. 440, 443. The record reveals no hardship to the Russells disproportionate to the advantages to the Raynors of having the benefit of their bargain. Such hardship as existed was not a sufficient reason for denying specific performance. It was not even shown that the Russells could not obtain other quarters in Cambridge. See Corbin, Contracts, § 1162. Cf. *Economy Grocery Stores Corp.* v. *McMenamy*, 290 Mass. 549, 552–553. We recognize, of course, that a reasonable range of discretion exists with respect to granting or denying specific performance. See e.g. *Exchange Realty Co.* v. *Bines*, 302 Mass. 93, 100. Nevertheless, the authorities already cited indicate that, in the ab-

sence of significant equitable reasons for refusing such relief, specific performance of real estate sale agreements is appropriate.

The Raynors, at their election, are entitled (in lieu of the relief granted by the final decree) to specific performance upon payment of the further amount which they in fact undertook to pay to the Russells. The Raynors concede in their brief that they had orally agreed to pay $33,000 as the purchase price, although $6,000 of this amount was not mentioned in the written agreement. The Russells still retain the $7,000 of deposits. Accordingly, the Raynors' further payment will be $26,000 less interest upon their deposits from the date set for conveyance to the delivery of the deed. Any net adjustments called for by the written agreement are to be made as of the date of conveyance. Because specific performance is to be granted, the price set by the oral agreement made by the Raynors must be paid, on the principle that he who seeks equity must do equity. See *Spadea* v. *Stewart*, 350 Mass. 218, 222; Pomeroy, Eq. Jur. (5th ed.) §§ 385, 388, 392.

The final decree is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion. The Raynors are to have costs of appeal and costs in the Superior Court.

*So ordered.*