*Northern District*

No. 6578.

## JOSEPH W. McGOVERN

v.

## STEPHANIE BOGUS ET AL

Argued: Oct. 25, 1967   Decided: Dec. 29, 1967

*Present:* Brooks, P. J., Connolly, Yesley, J. J.

Case tried to *Artesani, J.* in the Third District Court of Eastern Middlesex. No. 4666 of 1966.

*Connolly, J. In this motor vehicle tort case,* the plaintiff seeks to recover property damage sustained by his car as the result of an auto accident at a Boston street intersection during a heavy rain storm. The evidence consisted of oral testimony from the operators of the two cars in collision, together with photographs of the plaintiff's car and the intersection.

The trial judge found for the defendants, the owner and operator of the car that was in contact with the plaintiff's car. He also made the following findings of fact.

"The Court finds that the plaintiff was a bailor; that plaintiff's operator was negligent in the operation of plaintiff's car and that plaintiff operator's negligence was the sole cause of the accident; that defendant Pepler was at all times in the exercise of due care."

The plaintiff seasonably filed requests for rulings which follow:

1. Upon all of the evidence, the Court must find for the plaintiff.

2. Upon all of the evidence, the Court must file against the defendant, Stephanie Bogus.

3. Upon all of the evidence, the Court must find against the defendant, David G. Pepler.

4. Upon all of the evidence, the Court must find that the plaintiff's motor vehicle was being operated in the exercise of due care.

5. Upon all of the evidence, the Court must find that the plaintiff's motor vehicle was being operated as a bailment at the time of the accident.

6. Upon all of the evidence, the Court must find that the defendant, David G. Pepler, was negligent in the operation of

the motor vehicle owned by the defendant, Stephanie Bogus.

7. Alleged negligence of an operator-bailee cannot be imputed to the owner-bailor of a motor vehicle.

The trial judge allowed request #7 and denied the others. The denial of these requests is the basis for the plaintiff's appeal.

These requests for a directed finding are analogous to a motion for a directed verdict in a jury case. *M. P. S. Vol. 9, Mottla, 871.*

With rare exceptions, none of which exist in this case, such requests are not granted in favor of the party having the burden of proof where any part of the evidence is oral. *Casey* v. *Gallagher*, 326 Mass. 746 at 748.

The trial judge did not have to accept as true any oral testimony even though it was uncontradicted. *Northeastern Malden Barrel Co. Inc.* v. *Binder*, 341 Mass. 710, 712.

It is difficult to conceive of a situation where the issue of negligence would be more purely factual than an automobile accident at an intersection. The trial judge was justified in finding and ruling as he did. There being no prejudicial error, **the report is dismissed.**

James R. Skaban, Esq.,
    for the Plaintiff.

Coplen McAvay,
    for the Defendant.