*Northern District*
No. 6573
**GEORGE ROBBINS**
d/b/a
**GEORGE ROBBINS & CO.**

v.

**THE OAKS INN, INC.**

Argued: June 19, 1968-Decided: August 5, 1968

*Present:* Brooks, P.J. Connolly, Parker, J.J.

Case tried to *Artesani, J.* in the Municipal Court of the Brighton District. No. 44 of 1967

*Connolly, J.* In this action of contract, there was a finding for the plaintiff. The defendant made a motion for a new trial on the grounds that:

1. "The finding for the plaintiff is against the evidence.
2. The finding for the plaintiff is against the weight of the evidence.
3. The finding for the plaintiff is against the law.
4. The finding for the plaintiff is excessive.
5. The amount of the finding is so erroneous that as a matter of law it ought not to stand.
6. The amount of the findings is against the weight of the evidence and disproportionate to the damages proved."

At the hearing on the motion, it filed several requests for rulings of law which were not acted upon by the trial judge. The motion for a new trial was denied.

The requests for rulings were as follows:

1. As a matter of law, the evidence requires that the finding be vacated and a new trial ordered because there is no evidence that the defendant was a party to the matters in controversy.
2. As a matter of law, defendant is a distinct and different corporation from that corporation which operates a restaurant at 1396 Boston Road, Springfield.
3. As a matter of law, although the de-

fendant corporation and Oaks Steak and Rib House, Inc. have the same president, they are nevertheless distinct and separate entities. There is no evidence that the work performed by the plaintiff at 1396 Boston Road, Springfield, Massachusetts, was performed at the request of and for the benefit of the defendant corporation.

4. As a matter of law, upon all of the evidence the Court should have found for the defendant on the grounds that it did not order or request that the plaintiff supply the labor and material for which he brings suit in this action, and said labor and materials were not supplied for the benefit of the defendant corporation.

If a party could properly have raised questions of law at the trial, by requests for rulings, and fails to do so, he may not as a matter of right raise such questions upon a motion for a new trial. *Daddario* v. *Gloucester*, 329 Mass. 297, 301.

Since each of the requests could have been made at the trial, the trial judge was under no obligation to rule on them in considering the motion for a new trial.

Reviewing the evidence, which was in substantial conflict, we believe there was support

for a finding for the plaintiff by the trial judge. There was testimony that the plaintiff did work for the defendant in February of 1961. This work was ordered by one Thomas Sophinos who was president of the defendant corporation, as well as another corporation known as Oaks Steak and Rib House. The plaintiff was paid for the February work.

In April of 1961, after a conversation with the same Thomas Sophinos, the plaintiff installed certain heating equipment in a restaurant he know as "Crossroads Cafe" for which he billed the defendant $2789.92 and was not paid.

In December of 1961, he installed additional equipment at the same restaurant, billed the defendant for his services in the amount of $1514.16 and was not paid.

The finding of the trial judge was in the amount of $4304.08, the total of the two bills the plaintiff allegedly sent the defendant.

Although there was testimony from Thomas Sophinos that the Crossroads Cafe was not the property of the defendant corporation but of the other corporation of which he was president; that the work was performed in an unsatisfactory manner and the agreement was that the plaintiff was not to be paid unless the work was satisfactory; and that $2000.00 was paid on account of the work, the trial judge was under no obligation to believe any of this testimony. *Northeastern Malden Barrel Co.*

*Inc.* v. *Binder,* 341 Mass. 710; *Godfrey* v. *Caswell,* 321 Mass. 161, 162.

■ The motion for a new trial rested with the judicial discretion of the trial judge. *Bartley* v. *Phillips,* 317 Mass. 35.

Since we believe there was support in the evidence for the finding, the denial of the motion for a new trial was a proper exercise of the judicial discretion of the trial judge.

There being no prejudicial error, the **Report is dismissed.**

MELVIN M. BARROW
  for Plaintiff
DANIEL B. GALLAGHER
  for Defendant