SIDNEY H. KAPLAN *vs*. ANGELINA BESSETTE.

Bristol.   February 3, 1970. — April 9, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Equity Jurisdiction*, Specific performance.

Evidence reported and facts found by the trial judge in a suit in equity supported his conclusion that the prospective purchaser in a contract for sale and purchase of real estate was entitled to specific performance of the contract, which was signed by the prospective seller when she "was aware of the contents of the agreement and their import" and the time for performance of which was extended when she was "aware of the effect of" her signing the extension.

BILL IN EQUITY filed in the Superior Court on July 3, 1967.

The suit was heard by *Tomasello*, J.

*Edward D. Hicks* (*James M. Cronin* with him) for the defendant.

*Malcolm Jones* for the plaintiff.

SPIEGEL, J.   The plaintiff brought this bill in equity to compel specific performance of an agreement to convey a certain parcel of land with the building thereon situated in Westport.   The trial judge made a "Report of Material Facts, Rulings, Conclusions and Order for Decree."   The defendant appealed from a final decree granting, inter alia, specific performance.   The evidence is reported.

We summarize the findings of the judge.   The plaintiff's father communicated with the defendant for a brief period prior to January 19, 1967, with regard to purchasing for his son 108 acres of farmland owned by the defendant. On January 19, 1967, the plaintiff and the defendant entered into a written agreement for the purchase of her property. The plaintiff gave her a check for $300, the amount of the deposit required by the agreement.   "This check has not been deposited by the . . . [defendant]. . . .   [A]t the time of entering into the agreement, the . . . [defendant], although to a degree being ill, was aware of the contents

of the agreement and their import. . . . [O]n or about
February 13, 1967, the . . . [defendant] informed her
attorney that she would be unable to complete the sale by
April 1, 1967, as called for by the agreement." Her attorney
informed the plaintiff of this fact by letter dated Febru-
ary 13, 1967. "[O]n March 28, 1967, the parties . . .
[signed] an extension upon the agreement . . . to and
including June 30, 1967." The defendant was "aware of
the effect of" her signing the extension. At the "time called
for the passing of papers" the defendant "refused and still
refuses to fulfill her obligation under the agreement." The
plaintiff "was and has been ready, able and willing to
[perform]."

A final decree was entered ordering the defendant to
convey the premises to the plaintiff "by good and sufficient
quitclaim deed, free of all encumbrances, except easements
and restrictions of record" and the plaintiff was ordered
"to pay to the . . . [defendant] the balance due on the
agreement."

The defendant contends that the evidence did not "war-
rant" certain findings of the judge, that "additional find-
ings of fact should . . . [have been] made," and that the
plaintiff should not have been "granted the discretionary
remedy of specific performance."

The evidence concerning the events leading up to the
signing of the agreement and the extension is somewhat
confusing. The judge found that the plaintiff's father
"came in contact with the . . . [defendant] for the purpose
of securing the purchase" of her property, that the defendant
was aware of the contents of the agreement and its import,
that she informed her attorney she could not complete the
sale as called for by the agreement and that she signed an
extension agreement knowing the effect thereof. These
findings are primarily based upon oral testimony. The
judge saw and heard the witnesses and had an opportunity
to evaluate their credibility. He was not obliged to believe
contradictory evidence. *Northeastern Malden Barrel Co.
Inc.* v. *Binder,* 341 Mass. 710, 712.

The legal principles involved are well established and have been stated frequently. They do not require an extended discussion. See *O'Brien* v. *Wellesley College,* 346 Mass. 162, 170, and cases cited. "The question is not what finding we ourselves would have made on the same evidence." *Goddard* v. *Dupree,* 322 Mass. 247, 248. We have reviewed the record and conclude that the evidence was sufficient to support the judge's findings and we cannot say that he was plainly wrong. *Younker* v. *Pacelli,* 354 Mass. 738, 741. *Uliasz* v. *Gillette, ante,* 96.

Contrary to the defendant's contention, the judge was not compelled to make additional findings of fact in order to grant specific performance. "The . . . record reveals no substantial or adequate equitable basis for discretionary denial of specific performance, which is usually granted with respect to contracts to convey land." *Raynor* v. *Russell,* 353 Mass. 366, 367, and cases cited. There is no evidence of inequitable conduct or dishonesty on the part of the plaintiff sufficient to compel the judge to deny specific performance. A judge has a "reasonable range" of discretion to grant or deny specific performance. *Raynor* v. *Russell, supra,* 367. There was no abuse of discretion.

*Decree affirmed.*