Agnes, A.J.
INTRODUCTION
This is a civil action in which the plaintiffs, Timothy P. Walsh and Kathleen A. Walsh, the purchasers of a home located at 17 Violet Circle in Milford, Massachusetts (“buyers”), have brought claims against the defendant, Lalit Dodani, the seller of the home (“seller”) for violations of G.L.c. 93A (Count IV) and negligence (Count V) in connection with the failure of the septic system.
BACKGROUND
Based on the evidence before the court, a jury could find the following facts. The seller purchased the property in November 1998 from the defendants Patrick and Deborah Egan. Before the Egans put their home on the market, they were informed by their real estate agent that a “Title 5" certificate of compliance would be required warranting that their septic system met state standards before they could sell their home. In September 1997, the Egans hired an engineer named JoAnn Teachout to perform soil testing and to design a new septic system for 17 Violet Circle. The Town of Milford Board of Public Health participated in the soil testing process. Ms. Teachout met with the Egans, their real estate agent Sheila Spinski, and a prospective buyer to explain details of the final grading that was to be done upon installation of a new system. Based on her conversations with the Egans, her observations of effluent on the top of the soil near the septic system and the odor of sewerage in the area of the septic system, Engineer Teachout concluded that the septic system had failed. She informed the Egans and their real estate agent. An application for a construction permit to upgrade or repair the septic system was filed by the Egans with the Town on November 13, 1997. It was approved on November 24, 1997. The Egans also received a bid from Sabatinelli Construction to replace the septic system.
The Egans had the septic system pumped on June 19, 1998. Thereafter, in July 1998, the Egans had the septic system tested by Michael Tetreault, who was certified by the Commonwealth to conduct such inspections. The Egans informed Mr. Tetreault that they had no problems with the system, that they had no intentions of replacing the system, and that there were no plans at Town Hall regarding the location of the existing system. Mr. Egan agreed to locate and uncover the septic system for Mr. Tetreault to permit him to complete his inspection. Tetreault conducted an examination of the system on July 30, 1998, found it in *11 operable, and directed the Egans to have it pumped out so he could complete his assessment. It was pumped out (again) and it passed inspection. Mr. Tetreault issued a report documenting his findings. According to Mr. Tetreault, a homeowner can take steps to mask problems with a septic system (decreasing volume of household waste water, pumping it out ahead of inspection etc.). He acknowledged that a septic system could be in failure at one point in time and receive a passing grade after an inspection the following year. Also, according to Mr. Tetreault if he had been informed of the conditions observed by Engineer Teachout, he would not have given the system a passing grade. He also explained that he usually relies on homeowners to bring problems to his attention, and that he did not check with the Town Board of Health. A factfinder could infer from this evidence that at the time of the sale by the Egans to the defendant Dodani, the Egans knew or should have known that the septic system had failed and was defective.
In connection with the purchase of the property by defendant Dodani, the Egans supplied him with a copy of Mr. Tetreault’s inspection report for the septic system. Within three months after purchasing the home in question, defendant Dodani noticed the smell of effluent coming from the area of the septic system and had the system pumped out. The seller had the system pumped out again shortly before the sale to plaintiff buyers. The seller represented to the buyers that there were no problems with the septic system. Within one month of purchasing the property, the plaintiffs observed flooding around the cover to the septic system, and smelled the odor of effluent. Ultimately, this led to the need to replace the system at a cost of more than $25,000.
DISCUSSION
1. Standards Applicable to a Motion for Summary Judgment
“Summary judgment is a ‘device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.’ ” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983) (citations omitted). The function of a motion under Mass.R.Civ.P. 56 is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Sup.2d 143, 146-47 (D.Mass. 1998), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). Thus, summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.RCiv.P. 56(c). Also, summary judgment may be granted against the moving party, and may be granted as to certain issues but not others. See Community Bank v. Dawes, 369 Mass. 550, 553 (1976).
The moving party bears the burden of establishing the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once this is satisfied, the burden shifts to the party opposing summary judgment to allege specific facts establishing the existence of a genuine issue or issues of material fact. Id. In assessing whether each party has met its burden, the court is not permitted to weigh the evidence, to determine the credibility of any witnesses or make any findings of fact. Kelly v. Rossi, 395 Mass. 659, 663 (1985). Moreover, “[t]he evidence is ‘considered with an indulgence in the [opposing party’s] favor.’ ” Anthony’s Pier Four v. Crandall Dry Dock'Engineering, Inc., 396 Mass. 818, 822 (1986), quoting National Ass’n of Gov’t Employees v. Central Broadcasting Corp., 379 Mass. 220, 231 (1979), cert. denied, 446 U.S. 935 (1980). “[A] toehold ... is enough to survive a motion for summary judgment.” Sheehy v. Lipton Indus., Inc., 24 Mass.App.Ct. 188, 194 (1987). However, “[a] complete failure of proof concerning an essential element of the non-moving parly’s case renders all other facts immaterial.” Kourouvacilis, supra at 711, citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
In determining whether there are genuine issues of material fact, the court may consider the pleadings, depositions, answers to interrogatories, admissions on file and affidavits. Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The party opposing summary judgment cannot defeat the motion simply by resting on the pleadings and mere assertions that there are disputed facts. LaLonde v. Eissner, 405 Mass. 207, 209 (1989). If the moving party does not bear the burden of proof at trial, it may demonstrate the absence of a genuine issue of material fact by submitting evidence that negates an essential element of the other parly’s claim, or by showing that the other party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
“Summary judgment is seldom sought or granted in negligence actions.” Manning v. Nobile, 411 Mass. 382, 388 (1991), quoting Inferrera v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991). This is because negligence claims so often involve disputed questions of fact. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, 389 Mass. 47, 65 (1983); Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 794 (1987). However, even in negligence actions, summary judgment is appropriate “if no rational view of the evidence permits a finding of negligence.” Roderick, supra at 949.
2. 93A Claim Set Forth in Count IV
In count IV of their complaint, the plaintiffs allege that the seller violated 940 C.M.R. §3.16(2) which *12 provides that it is a violation of G.L.c. 93A, §2 if “any person or other entity subject to this act fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction.” The regulation thus serves the purpose of explaining what constitutes “unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . .” G.L.c. 93A, §2. The regulation, however, does not alter the fact that G.L.c. 93A, §2 does not reach transactions that are “strictly private in nature.” Lanter v. Carson, 374 Mass. 606, 611 (1978). Given the purely private nature of the real estate transaction involved in this case, the plaintiffs have no cause of action under G.L.c. 93A, §9, or any implementing regulation such as 940 C.M.R. §3.16(2), and, therefore, the defendant is entitled to judgment on Count IV.
3. Negligent Misrepresentation Claim Set Forth in Count V
“A defendant is liable for negligent misrepresentation if: in the course of his business, he supplies false information for the guidance of others in their business transactions, causing and resulting in pecuniary loss to others by their justifiable reliance on the information, with failure to exercise reasonable care or competence in obtaining or communicating the information.” Fox v. F&J Gattozzi Corp., 41 Mass.App.Ct. 581, 587 (1996), quoting Restatement (Second) of Torts §552(1) (1977). Negligent misrepresentation differs from an action for fraud because “liability for misrepresentation does not require a showing that the defendant even knew that the statements made were false or that the defendant actually intended to deceive the plaintiff.” Kitner v. CTW Transp., Inc., 53 Mass.App.Ct. 741, 749 (2002).
Marram v. Kobrick Offshore Fund, 442 Mass. 43, 63 (2004). Accord, Sampson v. McDougall, 60 Mass.App.Ct. 394, 400 (2004). There is no requirement that the plaintiff prove that the defendant actually intended to deceive the plaintiff. Russell v. Cooley Dickinson Hospital, 437 Mass. 443, 458 (2002). Moreover, there is no requirement that the person who makes the representation have knowledge that the statement is false. “The speaker need not know that the statement is false if the truth is reasonably susceptible of actual knowledge, or otherwise expressed, if, through a modicum of diligence, accurate facts are available to the speaker.” Zimmerman v. Kent, 31 Mass.App.Ct. 72, 77 (1991) (citation omitted).
As to the first requirement (proof that the representation was false), a factfinder could infer that when the seller sold the home to the buyers the septic system did not meet state standards and was in need of replacement. The conclusion reached by Engineer Teachout, the observations made by the Egans and later by defendant Dodani, and the events shortly after the plaintiffs purchased the home all contribute to support such an inference.
Based on this evidence, a factfinder could infer the representation made by the seller was material. See Zimmerman, supra, 31 Mass.App.Ct. at 78-79 (representations about the cost of installing a new septic system were material in the context of the private sale of a residence). The representations made by the seller were of a factual nature as opposed to mere opinion or estimate. Id. at 79-80. The seller was not making a representation about future events, but an unequivocal statement about the past (that there had been no problems with the septic system) and the present (that the septic system was at the time in compliance with state law).
In the context of a residential real estate transaction, a seller’s representation to the buyers that there are no problems with the septic system in circumstances in which the seller knew or should, in the exercise of reasonable care, have known that the septic system had failed or was damaged in some significant way would constitute an actionable negligent misrepresentation. See Kannavos v. Annino, 356 Mass. 42, 48 (1969) (nondisclosure maybe actionable where relationship of parties creates particular legal or equitable obligation to communicate all facts); Golber v. BayBank Valley Trust Co., supra at 258 (same). As the Supreme Judicial Court observed in Kannavos, supra, when a party (such as the seller of real estate) makes a statement on a matter that is directly related to the subject of the transaction (such as the condition of a septic system), the party making the representation “is bound to speak honestly and to divulge all material facts bearing on the point that lie within his knowledge.” Kannavos, supra, 356 Mass, at 48.[1]
The question thus becomes whether the evidence in the record before the court is sufficient to permit a factfinder to infer that at the time the seller represented to the buyers that there were no problems with the septic system he was negligent because he failed to exercise reasonable care in ascertaining the accuracy of the statements he made about the condition of the septic system.[2]
There is no direct evidence that the seller knew that the septic system had failed or was defective at the time of the sale to the plaintiffs. The defendant relies on the fact that he had reason to believe the septic system was in compliance with state law. The fact that the seller was in possession of the certificate of compliance issued by engineer Tetrault, that he disclosed its existence to the buyer, and that such a certificate was adequate to comply with Title V, see 310 C.M.R. §15.301(1), permits, but certainly does not compel an inference that the seller acted reasonably. However, a factfinder could reach the opposite conclusion based on the evidence that the septic system was in failure shortly before the seller purchased the home, that the seller detected signs of a failure shortly after purchas *13 ing the home, that the seller had the septic system pumped out shortly after buying the home and again shortly before selling the home. See Commonwealth v. Cosale, 381 Mass. 167, 173 (1980) (“A person’s knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence, so resort is frequently made to proof by inference from all the facts and circumstances developed at the trial”); Continental v. Diorio-Volungis, 51 Mass.App.Ct. 403, 409 (2001) (“Inferences must be based on probabilities rather than possibilities and cannot be the result of mere speculation and conjecture. An inference may be based on another inference, provided the inference is not speculative”) (citations omitted).
While this is a close case and certainly a finding that the defendant seller acted negligently is not compelled, I am mindful of the observation of the Appeals Court that “(a) claim for negligent misrepresentation is ordinarily one for a jury, unless the undisputed facts are so clear as to permit only one conclusion.” Golber v. Baybank Valley Trust Company, 46 Mass.App.Ct. 256, 257 (1999).
ORDER
For the above reasons, the defendant’s motion for summary judgment is ALLOWED IN PART and DENIED IN PART. The motion is ALLOWED as to Count IV. The motion is DENIED as to Count V.

This obligation to speak honestly when making a statement that relates directly to the subject of a business transaction such as the sale of a home is distinguishable from the rule upon which the defendant relies that a seller is not liable for failing to disclose all latent defects of which they are aware and that may diminish the value of the property. See Nei v. Burley, 388 Mass. 307, 310 (1983). In that circumstance, where there is no voluntary disclosure by the seller on which the buyer relies, nor an inquiry by the buyer, the seller has no duly to act. See Solomon v. Birger, 19 Mass.App.Ct. 634, 639 (1985).

The buyers are not required to demonstrate that the seller actually knew that his statement was false. Negligent misrepresentation differs from an action for fraud because “liability for misrepresentation does not require a showing that the defendant even knew that the statements made were false or that the defendant actually intended to deceive the plaintiff.” Kitner v. CTW Transp., Inc., 53 Mass.App.Ct. 741, 749 (2002), quoted in Marram v. Kobrick v. Offshore Fund, 442 Mass. 43, 63 (2004).