ROBERT M. PIERCE & another[1] *vs.* BETSY G. CLARK. No. 05-P-1376. July 26, 2006. *Contract,* Sale of real estate, Performance and breach. *Damages,* Breach of contract. *Practice, Civil,* Attorney's fees, Appeal.

The issues raised on cross appeal are whether the trial judge erred in determining that (1) Clark committed a breach of the parties' contract; and (2) the Pierces should not be awarded damages in addition to specific performance. Also at issue is whether the Pierces should be awarded attorney's fees for this appeal.

1. *Standard of review.* In cases heard by a judge without a jury, "[f]indings of fact shall not be set aside unless clearly erroneous." Mass.R.Civ.P. 52(a), as amended, 423 Mass. 1402 (1996). See *Kendall* v. *Selvaggio,* 413 Mass. 619, 620 (1992). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *J.A. Sullivan Corp.* v. *Commonwealth,* 397 Mass. 789, 792 (1986), quoting from *United States* v. *United States Gypsum Co.,* 333 U.S. 364, 395 (1948). An appellate

---

[1]Richard J. Pierce.

court, however, will "scrutinize without deference the legal standard which the judge applied to the facts." *Kendall* v. *Selvaggio, supra* at 621.

Upon review of the judge's findings of fact and rulings of law, we find no clear error of fact nor any error of law and, accordingly, affirm. In addition, we hold that the Pierces are not entitled to recover appellate attorney's fees. Our analysis follows, with a discussion of the relevant facts as needed.

2. *Breach of contract.* We first must dispose of the breach of contract issue. Clark argues that she did not commit a breach by refusing to sell to the Pierces, as they did not demonstrate that they were "ready, willing, and able" to perform under the purchase and sale agreement (agreement). She thus claims that she was not required to make good on the agreement.

"The general rule is that when performance under a contract is concurrent one party cannot put the other in default unless he is ready, able, and willing to perform and has manifested this by some offer of performance." *Lafayette Place Assocs.* v. *Boston Redev. Authy.*, 427 Mass. 509, 519 (1998), cert. denied, 525 U.S. 1177 (1999), quoting from *Leigh* v. *Rule*, 331 Mass. 664, 668 (1954). "Even if a potential buyer notifies the seller of the buyer's intention to tender on a certain date and appears at the registry of deeds on that date with the required consideration, there may not be the 'readiness to perform' that is a necessary condition of placing the defendant in breach." *Lafayette Place Assocs.* v. *Boston Redev. Authy., supra* at 519-520. "[A] buyer must manifest that he is ready, able, and willing to perform by setting a time and place for passing papers or making some other concrete offer of performance." *Id.* at 520. "The weight of authority in this country is that the financial ability of a prospective buyer of property is a material issue in his action for damages against a repudiating defendant for breach of an agreement to sell that property for an established price." *Kanavos* v. *Hancock Bank & Trust Co.*, 395 Mass. 199, 202 (1985).

In the instant case, the judge correctly concluded that the Pierces were ready, willing, and able to perform and therefore did not err in awarding them specific performance. We adopt the following facts as recited by the Superior Court judge in determining that the Pierces were ready, willing, and able to buy. The Pierces had borrowed $250,000 from Fleet Bank in anticipation of purchasing the property and had made arrangements to have the bank make the funds available to Attorney Murphy, who was acting on behalf of the Pierces. Attorney Murphy had notified Clark's attorney, Attorney Creney, that he was preparing to close on May 18, 2001, and three days prior to that date, Attorney Murphy notified Attorney Creney that the Pierces had funds in the amount of the purchase price and would be ready, willing, and able to perform on May 18. Attorney Murphy appeared at the registry of deeds on May 18 at the agreed-upon time, and when neither Clark nor her attorney appeared, Murphy noted in the "default book" that he appeared as the Pierces' attorney and that he was ready, willing, and able to purchase the property on behalf of the Pierces.

This constitutes ample evidence that the Pierces were ready, willing, and able to perform on the closing date. See *Bucciero* v. *Drinkwater*, 13 Mass. App. Ct. 551, 552-556 (1982) (buyer was ready, willing, and able where buyer arrived at closing with checks in hand, even though there was unresolved disagreement over payment of taxes on day before closing and seller told buyer there was no point to meeting next day); *Hastings* v. *Gay*, 55 Mass.

App. Ct. 157, 165 (2002) (buyer was ready, willing, and able where "buyer presented admissible, probative evidence in the form of his own deposition testimony that he had sufficient funds available in his various bank accounts to pay cash for the property, or alternatively, that he had sources available from which he readily could have borrowed the available funds"). Clark's refusal to sell under the agreement constituted a breach of contract since there was no indication that the Pierces had committed a breach first or were not ready, willing, and able to purchase the property.

"The long-established general rule for breach of contract recovery . . . is that the wronged party should receive the benefit of his bargain, i.e., be placed in the same position as if the contract had been performed." *VMark Software, Inc.* v. *EMC Corp.*, 37 Mass. App. Ct. 610, 611 n.2 (1994). "It is well-settled law in this Commonwealth that real property is unique and that money damages will often be inadequate to redress a deprivation of an interest in land." *Greenfield Country Estates Tenants Assn., Inc.*, v. *Deep*, 423 Mass. 81, 88 (1996). Specific performance therefore "is usually granted with respect to contracts to convey land." *Raynor* v. *Russell*, 353 Mass. 366, 367 (1967). In the instant case, had the contract been performed years ago, the Pierces would have the land with which to do what they please. Today, the award of specific performance gives them this same benefit — the land they contracted to buy from Clark. Thus, the judge could properly award the Pierces specific performance.

3. *Damages.* We turn now to the question whether, in light of the judge's determination that Clark committed a breach, the judge erred in his failure to award the Pierces monetary damages to compensate them for the delay in sale. The Pierces sought a damage award as well as specific performance. They requested monetary damages for the increased cost of construction caused by Clark's refusal to convey the lots in 2001.

"The rule of damages in an action for breach of contract is that the plaintiff 'is entitled in general to damages sufficient in amount to compensate him for the loss actually sustained by him, and to put him in as good position financially as he would have been in if there had been no breach . . . . He may not insist upon extraordinary or unforeseen elements of damage, but only such as flow according to common understanding as the natural and probable consequences of the breach and such as may be presumed to have been in the contemplation of the parties at the time the contract was made.' " *Boylston Hous. Corp.* v. *O'Toole*, 321 Mass. 538, 562 (1947), quoting from *Bucholz* v. *Green Bros. Co.*, 272 Mass. 49, 54 (1930). "While it is true that a plaintiff need not prove damages with mathematical certainty, 'damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.' " *Kitner* v. *CTW Transp., Inc.*, 53 Mass. App. Ct. 741, 748 (2002), quoting from *Lowrie* v. *Castle*, 225 Mass. 37, 51 (1916). In calculating damages, the buyer must not be overcompensated. *Delano Growers' Coop. Winery* v. *Supreme Wine Co.*, 393 Mass. 666, 680 (1985).

The damages the Pierces seek are consequential. "Consequential damages are those that cannot be reasonably prevented and arise naturally from the breach, or which are reasonably contemplated by the parties." *Ibid*. We agree with the Superior Court judge: "[T]he Pierces['] amount of suggested damages is rejected as the Court finds this amount to be purely speculative and not proven to a reasonable certainty by sufficient or substantial evidence." We see no error of law or fact in the judge's denial of damages.

4. *Appellate attorney's fees.* We may award appellate attorney's fees when we determine that an appeal is frivolous. See *Masterpiece Kitchen & Bath, Inc.* v. *Gordon*, 425 Mass. 325, 329 (1997); *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 457-458 (1984). An appeal is considered frivolous when the underlying case law is settled and there is no reasonable expectation of a reversal. *Avery* v. *Steele*, 414 Mass. 450, 455 (1993). We have discretion in determining whether an appeal is frivolous, but will only find as such in egregious cases. *Id.* at 455-456. This appeal raised the issue whether the Pierces were ready, willing, and able to purchase the property. Although case law amply supports the conclusion that the Pierces were ready, willing, and able to purchase the property, Clark had a reasonable expectation that we might reverse the trial court judge's decision on this point; therefore, her appeal is neither frivolous nor an egregious use of the appellate process. Accordingly, appellate attorney's fees for the Pierces are denied.

*Judgment affirmed.*

*Thomas W. Evans* (*Robert M. Cohen* with him) for the plaintiffs.

*Bruce P. Gilmore* for the defendant.