Roach, Christine M., J.
This case arises out of the purchase of a used automobile, and the temporary (approximately three-day) delay in the registration of that automobile. The pro se plaintiff Albert J. Reinhart filed his complaint against Ragsdale Superstore, Inc. in fifteen (15) Counts, based on theories of breach of contract; breach of express warranty; breach of implied warranty; fraudulent misrepresentation; conspiracy; intentional infliction of emotional distress; reckless infliction of emotional distress; negligent infliction of emotional distress; reckless endangerment; violation of G.L.c. 93A; conversion; and trespass to personal property. Pursuant to Mass.R.Civ.P. 56(b), Ragsdale now moves for summary judgment on all Counts. As a result of thorough pleading by the parties, the court finds no hearing pursuant to Superior Court Rule 9A(c)(3) to be necessary. Based on a careful review of all pleadings of record, Ragsdale’s motion is ALLOWED in part, and DENIED in part.
Summary Judgment Standard
Summary judgment is granted when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where as here the opposing party has the burden of proof on an issue at trial, the moving party must demonstrate, “by reference to materials properly in the summary judgment record, unmet by countervailing materials” that the plaintiff has no reasonable expectation of proving an essential element of his case. Carey v. New England Organ Bank, 446 Mass. 270, 278 (2006), citing Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
A fact is only “material.” if it would affect the outcome of the proceeding. Carey, 446 Mass. at 278. The mere assertion of a genuine factual dispute by the nonmoving party, “absent factual material upon which the assertion might be proved, is not sufficient to defeat summary judgment.” Massachusetts Municipal Wholesale Electric Co. v. City of Springfield, 49 Mass.App.Ct. 108, 113 (2000). However, the court looks at the evidence in the light most favorable to the non-moving party to determine whether there is “any combination of circumstances . . . from which a reasonable inference could be drawn in favor of the plaintiff.” Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983), 374 Mass. 206, 212 (1978). Reasonable inferences are those based on “probabilities, rather than possibilities” and “not the result of ‘mere speculation and conjecture.’ ” Id.
Relevant Facts
The following relevant facts are presented in the light most favorable to Plaintiff. Ragsdale is a Massachusetts corporation that runs an automobile dealership in Shrewsbury. On April 26, 2004, the Plaintiff agreed to purchase a used 2002 Chevrolet Prizm (“the vehicle” or “the Prizm”) from the defendant. As part of the deal Plaintiff traded his existing vehicle. The purchase and sale agreement provided Plaintiff would pay for a state inspection sticker and registration, and the defendant would transfer plaintiffs registration from the old vehicle to the new, as well as obtain a valid state inspection sticker for the Prizm. Ragsdale agreed to complete this task within seven business days.[2]
Ragsdale did not register the Prizm within the promised time, despite plaintiffs repeated contacts with Ragsdale to remind it of this promise. On the eighth business day, May 4, 2004,[3] Plaintiff rented a car for the day. On May 10, 2004 an employee of Ragsdale left a message on Plaintiffs answering machine informing Plaintiff that he had registered the vehicle. Plaintiff, not wishing to return to Ragsdale’s place of business, rented another car and drove to the Registry of Motor Vehicles to obtain a duplicate copy of the registration. Plaintiff had the Prizm inspected, then went to return the rental car. On the way, he collided with the rear of the vehicle in front of him. The vehicles sustained minor damage; no one was injured.
Plaintiff mailed a demand letter to Ragsdale on March 9, 2007, pursuant to G.L.c. 93A, §9. Ragsdale responded in a timely manner, denying all allegations and offering to consider reimbursing the defendant for his rental car. This lawsuit followed.
Discussion
A. Breach of Contract (Counts 1-4)
1. Prima Facie Case
To recover on a claim for breach of contract, Plaintiff must show; (1) that a binding agreement existed and was supported by consideration; (2) that Plaintiff was willing and able to perform; (3) that Ragsdale breached the agreement by failing to register the car timely; and (4) that Plaintiff suffered damages proximately caused by that breach. Singarella v. Boston, 342 Mass. 385, 386 (1961). When a person purchases a new motor vehicle, he must transfer registration of the vehicle into his name by 5:00 p.m. of the seventh calendar day after the purchase. G.L.c. 90, §2. The following facts are undisputed.
The parties entered a contract for the purchase and sale of a Chevrolet Prizm, and Plaintiff tendered payment for the vehicle. The contract price included provision for both the registration and state inspection *340 fees. In consideration, Ragsdale undertook to register the vehicle in Plaintiffs name and obtain a valid state inspection sticker. Ragsdale defendant did not have the vehicle registered and inspected within seven days. As a proximate result of this failure of performance, Plaintiff was deprived of the use of his automobile for at least two days. The court finds Plaintiff has established on this record a breach of contract, and is entitled to summary judgment in his favor, on liability only, on Counts 1-3.
2. Damages
The four Counts for breach of contract differ only in the source of damages requested by Plaintiff. Plaintiff is entitled to such damages as are the natural and probable consequence of Ragsdale’s breach. Pierce v. Clark, 66 Mass.App.Ct. 912, 914 (2006). Plaintiff may not demand “extraordinary or unforeseen elements of damage,” only those logically related to the breach. Id., quoting Boylston Housing Corp. v. O’Toole, 321 Mass. 538, 562 (1947). While Plaintiff is not required to prove damages to a mathematical certainty, “damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty.” Id., quoting Kitner v. CTW Transport, Inc., 53 Mass.App.Ct. 741, 748 (2002). An award of damages must be sufficiently related to the breach that it may be presumed to have been contemplated by the parties at the time of the contract formation. Id., quoting Boylston Housing Corp., 321 Mass. at 562. Plaintiff may not recover for mental anguish or inconvenience in a contract action. McCone v. New England Telephone, 393 Mass. 231, 234 n.8 (1984).
In support of its Motion, Ragsdale argues Plaintiff has suffered no actual damages, and that nominal damages would not be appropriate in this case. See Schwartz v. Travelers’ Indemnity Co., 50 Mass.App.Ct. 672, 682 (2001) (no reason to remand case where plaintiff could expect only an award of nominal damages in the amount of one dollar). This argument fails, because the undisputed evidence is that Plaintiff suffered actual damages. A reasonable juiy could find many, but not all, of plaintiffs expenses were reasonably foreseeable if Ragsdale did not register and inspect the Prizm as agreed.
That said, viewing the evidence in the light most favorable to Plaintiff, this court rules that no reasonable jury could find that, at the time of the sale, it was reasonably foreseeable to Ragsdale that Plaintiff would be involved in an automobile accident as a proximate result of Ragsdale’s failure to register the vehicle. Plaintiffs argument that it was foreseeable he would be so distracted by this issue that he would be unable to operate a motor vehicle safely is “simply too remote to have been within the reasonable contemplation of the parties at the time the contract was executed." International Totalizing Systems, Inc. v. PepsiCo, Inc., 29 Mass.App.Ct. 424, 430 (1990), citing Abrams v. Reynolds Metals Co., 340 Mass. 704, 709 (1960). Accordingly, Plaintiff has no reasonable expectation of proving Count 4 of the Complaint, and the defendant is entitled to summary judgment on Count 4. See Flesner, 410 Mass. at 809; Kourouvacilis, 410 Mass. at 716.
B.Breach of Express Warranty (Count 5)
A seller creates an express warranty in one of three ways: (1) by making a factual representation or promise related to the goods, which becomes part of the basis of the bargain; (2) by describing the goods in such a way as to imply that the goods will match the description; or (3) by showing a sample or model that creates the impression that the goods will conform to the sample or model. Hannon v. Original Gunite Aquatech Pools, Inc., 385 Mass. 813 (1982), citing G.L.c. 106, §2-313.
The pleadings and affidavits, taken in the light most favorable to Plaintiff, support an inference that Ragsdale made warranties to Plaintiff regarding the registration of the vehicle, the attachment of an inspection sticker, and the availability of a loaner car. Ragsdale’s argument that Plaintiff suffered no damages is unpersuasive. Plaintiff may be entitled to actual damages on his breach of contract claim, and the court finds no basis on this record to preclude Plaintiff from recovering nominal damages on the breach of warranty claim. Defendant has failed to establish that it is entitled to summary judgment on Count 5, and the Motion is therefore denied with respect to this Count
C.Breach of Implied Covenant of Good Faith and Fair Dealing (Count 6)
An implied covenant of good faith and fair dealing between the parties is included in any Massachusetts contract. Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 471-72 (1991). This covenant means that neither party will do anything that destroys or injures the rights of the other party arising out of that contract. Id., quoting Drucker v. Roland Wm. Jutras Assocs., 370 Mass. 383, 385 (1976). Because an action for breach of the covenant of good faith and fair dealing is an action on the contract, McCone, 393 Mass. at 234 n.8, courts must avoid granting financial windfalls in the form of damages not otherwise recoverable. Ayash v. Dana-Farber Cancer Institute, 443 Mass. 367, 388 (2005).
Plaintiff has made no additional evidentiary showing on this Count, and no specific showing of damages which cannot otherwise be compensated under Counts 1-3. He alleges emotional distress arising from this breach, but such damages are not available in a contract action. McCone, 393 Mass. at 234 n.8. Therefore, Ragsdale is entitled to summary judgment on Count 6.
D.Misrepresentation (Count 7)
To succeed on this claim Plaintiff must establish that (1) the Ragsdale made a false representation; (2) of a material fact; (3) knowing that the statement was *341 false; (4) In an effort to induce him to act on the statement; (5) that Plaintiff reasonably relied upon the statement as true; (6) and acted upon it; (7) suffering damages. Masingill v. EMC Corp., 449 Mass. 532, 540-41 (2007); Kilroy v. Baron, 326 Mass. 464, 465 (1950).
Here, although Ragsdale represented to Plaintiff that it would accomplish the registration transfer, there is no evidence Ragsdale, at the time of the promise, intended not to perform. Nor is there evidence Ragsdale made the promise to induce Plaintiff in anyway. Summary judgment must therefore enter in favor of Ragsdale on Count 7.
E. Conspiracy (Count 8)
The conspiracy Count was not pleaded against Ragsdale. The individual Doe Defendants have been dismissed. A cause of action for civil conspiracy requires a common plan to commit a tortious act where participants know of the plan and its purpose and take affirmative steps to encourage achievement of the result. Kyte v. Philip Morris, Inc., 408 Mass. 162, 166-67 (1990). Based on all of the record, there can be neither proof of a common plan nor a tortious act, and Count 8 is hereby dismissed.
F. Reckless (or Intentional) Infliction of Emotional Distress (Counts 9 & 10)
To prevail on a claim for intentional or reckless infliction of emotional distress, a plaintiff must show: “(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was ‘extreme and outrageous,’ was ‘beyond all possible bounds of decency’ and was ‘utterly intolerable in a civilized community’. . . ; (3) that the actions of the defendant were the cause of the plaintiffs distress . . . ; and (4) that the emotional distress sustained by the plaintiff was ‘severe’ and of a nature ‘that no reasonable man could be expected to endure it’ ” (citations omitted). Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976).
Liability cannot be based on “mere insults, indignities, threats, annoyances, petty oppressions or other trivialities.” Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987). Nor would it be enough if “the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.” Id.; Conway v. Smerling, 37 Mass.App.Ct. 1, 8-9 (1994) (“ ‘Outrageous’ is a word somewhat debased in current usage, but as employed in the Agis opinion it meant more than workaday insults, annoyances, or even threats and petty oppressions”).
In this case, there is no evidence that Ragsdale intended to cause emotional distress or that it should have known that a temporary failure to register a vehicle would cause same. Taking the most generous view of the evidence in the light most favorable to Plaintiff, the court finds Plaintiff cannot prove the elements of this tort, and Ragsdale’s motion for summary judgment is GRANTED with respect to Counts 9 and 10.
C. Negligent Infliction of Emotional Distress (Count 11)
To recover for the negligent infliction of emotional distress, Plaintiff must establish that: (1) the defendant was negligent; (2) Plaintiff suffered emotional distress; (3) defendant’s negligence caused the emotional distress; (4) that there was a physical manifestation of the distress; and (5) “that a reasonable person would have suffered emotional distress under the circumstances of the case.” Rodriguez v. Cambridge Housing Authority, 443 Mass. 697, 701 (2005). Physical harm to the plaintiff, manifested by objective symptomatology is a critical element of this tort. Payton v. Abbott Labs., 386 Mass. 540, 557 (1982); Rodriguez, 443 Mass. at 702 (“[w]e did not eliminate the physical harm requirement”). Thus, plaintiffs must provide “sufficient objective evidence of physical manifestation of mental distress to survive a summary judgment motion.” Sullivan v. Boston Gas Co., 414 Mass. 129, 139 (1993). Plaintiff has not asserted any physical manifestation of his distress in response to Ragsdale’s motion. Summary judgment must therefore enter in favor of Ragsdale on Count 11.
H. Reckless Endangerment (Count 12)
Reckless endangerment is a crime in several states. See, e.g., Haines v. Risley, 412 F.3d 285, 288 (1st Cir. 2005) (defendant convicted of reckless endangerment in New Hampshire); Hegarty v. Somerset County, 53 F.3d 1367, 1371 (1st Cir. 1995) (reckless endangerment prohibited by statute in Maine). The federal courts utilize reckless endangerment as a sentencing enhancement. United States v. Martinez-Bermudez, 387 F.3d 98, 100 (1st Cir. 2004) (sentence increased based on reckless endangerment to others during flight from officers). However, to the court’s knowledge, the Commonwealth does not recognize a criminal or civil cause of action for reckless endangerment. Even were the most liberal version of notice pleading utilized here, the evidence does not support an inference that Ragsdale put Plaintiff at risk of physical harm. See Mullins, 389 Mass. at 56 (summary judgment appropriate where no rational view of the evidence supports the plaintiffs position). Plaintiff alleges only that his health and welfare were in jeopardy because he was “stranded” at home, without the use of his vehicle. This allegation is contradicted by the record fact that Plaintiff drove a rental car while he could not drive his own vehicle. Ragsdale is entitled to summary judgment on Count 12.
H. Violation of G.L.c. 93A (Count 13)
An action under Chapter 93A is “neither wholly tortious nor wholly contractual in nature.” Slaney v. *342 Westwood Auto, Inc., 366 Mass. 688, 704 (1975). Plaintiff must prove that Ragsdale used or employed “an unfair or deceptive act or practice.” G.L.c. 93A, §9; Slaney, 366 Mass. at 702. To recover under Chapter 93A, the plaintiff must establish a causal connection between the unfair or deceptive practice and his loss. Hershenow v. Enterprise Rent-A-Car Co., 445 Mass. 790, 796 (2006). Causation exists where the alleged unfair or deceptive practice reasonably could be found to have induced the consumer to act differently than he would have acted in the absence of the representation. Id. at 801. Plaintiff has not shown any connection between the allegedly deceptive act and particular injury. As discussed above, the evidence taken in the light most favorable to Plaintiff cannot support a reasonable inference that plaintiff purchased the Prizm because Ragsdale offered to transfer his registration for him, or that Ragsdale, by not transferring the registration timely, engaged in any act or practice that was unfair or deceptive to Plaintiff. Ragsdale is entitled to summary judgment on Count 13.
I. Conversion (Count 14)
To succeed on a claim of conversion, Plaintiff must prove: (1) that another person exercised dominion and control; (2) over property belonging to him; (3) without right; and (4) thereby depriving the owner of the use and enjoyment of the property. In re Hilson, 448 Mass. 603, 611 (2007). Where the parties contemplate a temporary use of the properly, an action for conversion depends on the intent of the person dealing with the property. Spooner v. Manchester, 133 Mass. 270, 275 (1882). Plaintiff must show that Ragsdale intended to “exercise some right or control over the property inconsistent with the right of the lawful owner.” Id. at 273.
It is an undisputed fact that from April 28 to May 6, 2007 Ragsdale held the registration to plaintiffs vehicle. It is also without question that Plaintiff was unable to drive his vehicle lawfully from 12:01 a.m. on May 3 until approximately 5:30 p.m. on May 6. However, the evidence of record demonstrates Ragsdale temporarily assumed control of the registration with the sole intent of registering the vehicle in the plaintiffs name and having it inspected. These actions are consistent with plaintiffs ownership of the vehicle. The evidence does not suggest that Ragsdale attempted to sell or dispose of the vehicle, or to assert dominion and control over it, at any time. Because Plaintiff has proffered no evidence to support his allegations that the defendant acted intentionally or maliciously, or to demonstrate any incentive for Ragsdale to do so, Plaintiff cannot reasonably be expected to establish conversion at trial. Ragsdale is therefore entitled to summary judgment on Count 14.
J. Trespass to Personal Properly (Count 15)
An action for trespass to chattels “[involves] incursions on other people’s property very different in character from the present situation.” Ferris v. Monsanto Co., 380 Mass. 694, 703 (1980). In Massachusetts, the exercise of dominion and control over the personal property of another is the tort of conversion. In re Hilson, 448 Mass. at 611. As noted above, Plaintiff cannot prove conversion at a trial. Summary judgment must therefore also enter for Ragsdale on Count 15.
Superior Court Jurisdiction
The Massachusetts District Court has exclusive jurisdiction over civil actions if the parties have “no reasonable likelihood” of recovering more than $25,000. Ravnikar v. Bogojavlensky, 438 Mass. 627, 633 (2003), citing G.L.c. 358, §4. A Superior Court judge may “transfer ‘any civil action’ after making a determination that there is no reasonable likelihood that any damage award will exceed $25,000.” Id.; G.L.c. 231, §102C (emphasis in original). The court finds Plaintiff has no reasonable likelihood of recovering more than $25,000 on his breach of contract claims. The total amount of damages established by the record to date pursuant to Counts 1-3 is $97.76. While Plaintiff may be entitled to nominal damages on his breach of warranty claim (Count 5), he is not entitled to compensation for his alleged pain and suffering. McCone, 393 Mass at 234 note 8. There is no reason to believe Plaintiff will recover the jurisdictional amount. Superior Court Rule 29(5) (b). Therefore, the court must hold a hearing where the parties will be given the opportunity to demonstrate why this action should not be transferred to the District Court. Id.
Conclusion
Based on the foregoing, the court rules as follows on Defendant’s Motion for Summary Judgment:
Counts 1-3, DENIED. Summary judgment is GRANTED for Plaintiff with respect to liability only, on Counts 1-3; summary judgment is DENIED with respect to damages;
Counts 4, GRANTED. Count 4 is dismissed.
Count 5, DENIED.
Counts 6-15, GRANTED. Counts 6-15 are dismissed.
The court shall schedule a hearing to consider damages and possible transfer to the District Court.

 The statute requires die newly-purchased car be registered in seven calendar days. G.L.c. 90, §2 (emphasis added). Ragsdale does not dispute that Plaintiff unknowingly drove the car illegally for two days.

 Although the complaint says April 6, this appears to be a mistake. The vehicle was purchased on April 26, 2004 and registered on May 7, 2004.