Moses, Richard T., J.
The present action was filed by the City of New Bedford (“the City”) on September 8, 2010 and is substantially based upon two sets of claims. The first group of claims relates to a former ash dump in New Bedford known as the Parker Street Waste Site (the “Site”). This group of claims asserts that several of the defendants manufactured PCBs and/or PCB-containing materials which ultimately were deposited at the Site thus contaminating the same. Also included in this group of defendants are those who are claimed to have dumped materials containing PCBs at the Site.
The second group of defendants are named in connection with the construction of the New Bedford High School at the Site which was completed in approximately 1972 with the defendant, Tutor Perini Corporation (“Tutor Perini”) acting as the general contractor. The City claims that certain building materials and products which contained PCBs including window and door sealant, caulking, paint, mastic and heating ventilation and air conditioning components contain such items. It is alleged that the presence of such PCB-contaminated materials entered the environment in or around the school thus contaminating the same. Named as a subcontractor of Tutor Perini in connection with the subject project is the defendant, Western Waterproofing Co., Inc. (“Western”), which is alleged to have used caulking and other materials containing PCBs to weatherproof the windows at the New Bedford High School Project. Western has moved to dismiss all counts asserted against it including count 6 claiming breach of implied warraniy of merchantability of fitness and count 16 asserting a claim under M.G.L.c. 93A.
The City by way of a third-party complaint in Docket Number BRCV2008-1429 has asserted a claim against many of the defendants in the present action which mirror those asserted in this action. Included in such third-party complaint is a claim against Tutor Perini for violations of M.G.L.c. 2IE and 93A each of which relate to the construction activity of Tutor Perini in connection with the New Bedford High School. By decision dated December 23, 2010 this court concluded that the City’s claims against Tutor Perini were barred by the provisions of M.G.L.c. 260, sec. 2B.
Western has moved to dismiss Counts 6 and 16 claiming that the City’s claims are barred by the Statute of Repose, the applicable Statute of Limitations and res judicata. Furthermore, it is alleged that the City’s claim under M.G.L.c. 93A which is deriva *605 tively based upon alleged violations of M.G.L.c. 2IE and 940 C.M.R. 3 is also barred by virtue of failing to state a claim upon which relief can be granted.
DISCUSSION
The Statute of Repose is a bar to the City’s claims against Western.
Western asserts that the City’s claims against it are barred by M.G.L.c. 260, sec. 2B, which provides that actions of tort for damages arising out of any deficiency or neglect in the design, planning, construction or general administration of an improvement to real property shall be commenced within 3 years after the cause of action accrues, “. . . provided however that in no event should such actions be commenced more than 6 years after the earlier of the dates of: (1) the opening of the improvement to use; or (2) substantial completion of the improvement and the taking of possession for occupancy by the owner.”
The City’s claims against Western relate to its use of materials, including caulking, in connection with the installation of windows at the Site which caulking purportedly contained PCBs which somehow were released into the building including the HVAC system. The court concludes that the activities of Western fall within the scope of M.G.L.c. 260, sec. 2B in that they relate to an alleged deficiency in the construction of the New Bedford High School which was an improvement to real property. Furthermore, under Massachusetts law, the determination of whether a claim sounds essentially in contract or tort is controlled by the essential nature of the parties! claim. Oliveira v. Pereira, 414 Mass. 66, 72 (1992). The court concludes that the City’s claim of the breach of implied warranty of merchantability is essentially tort based and relates to purported harm caused by a release from products installed in connection with the construction of the school. Scott v. Garfield, 454 Mass 790, 794 (2009).
Furthermore, the court finds that the City’s claim under M.G.L.c. 93A is essentially based upon purported violations of M.G.L.c. 21E and is essentially sounding in tort and, hence, subject to the Statute of Repose. See Oliveira v. Pereira, 414 Mass. 66, 72 (1992); Kitner v. CTW Transport, Inc., 53 Mass.App.Ct. 741, 746-47 (2002).
While the provisions of M.G.L.c. 260 sec. 2B are phrased in language similar to the Statute of Limitations, the Statute of Repose has the effect of abolishing the remedy and not merely barring the action. Klein v. Catalono, 386 Mass. 701, 702-03, n.3 (1982). The bar of the Statute of Repose is absolute while the bar of the Statute of Limitations is conditional. Therefore, the application of “the relation back” doctrine in connection with the Statute of Repose is precluded. Pindol v. Boston Housing Authority, 396 Mass. 515, 519 (1986), citing James Ferreia & Sons v. Samuels, 21 Mass.App.Ct. 170 (1985).
ORDER
It is ordered that the City’s claims against Western Waterproofing Co., Inc. be dismissed.[1]

In light of the court’s determination that the Statute of Repose is a bar to the City’s claims, the court is not addressing the several other legal theories raised by Western in support of its motion to dismiss.